IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LUMINATRONICS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROCHIP TECHNOLOGY INCORPORATED,<br><br>    Defendant. | Civil Action No. 2:23-cv-86<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Luminatronics LLC states for its Complaint against Defendant as follows:

**INTRODUCTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

**PARTIES**

2. Plaintiff Luminatronics LLC is a limited liability company organized and existing under the laws of Delaware.

3. On information and belief, Defendant Microchip Technology Inc. is a corporation organized and existing under the laws of Delaware with a regular and established place of business in this judicial district, including 2805 Dallas Parkway, Plano, Texas.

## JURISDICTION

4. This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271 *et seq.*

5. This Court has personal jurisdiction over Defendant. For example, Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in and/or directed toward the State of Texas. On information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas.

6. This Court has personal jurisdiction over Defendant under the provisions of the Texas Long Arm Statute and consistent with Constitutional due process by virtue of the fact that, upon information and belief, Defendant has availed itself of the privilege of conducting and soliciting business within this State, including engaging in at least some of the infringing activities in this State, such that it would be reasonable for this Court to exercise jurisdiction consistent with principles underlying the U.S. Constitution and without offending traditional notions of fair play and substantial justice.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b) because Defendant, on information and belief, has a regular and established place of business and has committed acts of patent infringement in this judicial district.

## Plaintiff's U.S. Patent No. 9,807,836

8. Plaintiff is the assignee of all right, title and interest in United States Patent No. 9,807,836, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '836 patent. Accordingly, Plaintiff

## JURISDICTION

4. This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271 *et seq.*

5. This Court has personal jurisdiction over Defendant. For example, Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in and/or directed toward the State of Texas. On information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas.

6. This Court has personal jurisdiction over Defendant under the provisions of the Texas Long Arm Statute and consistent with Constitutional due process by virtue of the fact that, upon information and belief, Defendant has availed itself of the privilege of conducting and soliciting business within this State, including engaging in at least some of the infringing activities in this State, such that it would be reasonable for this Court to exercise jurisdiction consistent with principles underlying the U.S. Constitution and without offending traditional notions of fair play and substantial justice.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b) because Defendant, on information and belief, has a regular and established place of business and has committed acts of patent infringement in this judicial district.

## Plaintiff's U.S. Patent No. 9,807,836

8. Plaintiff is the assignee of all right, title and interest in United States Patent No. 9,807,836, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '836 patent. Accordingly, Plaintiff

possesses the exclusive right and standing to prosecute the present action for infringement of the '836 patent by Defendant.

9. The '836 patent, which issued on October 31, 2017, is entitled, "Light Emitting Diode Light Structures." The '836 patent issued from U.S. Application No. 15/264,475, which was filed on September 13, 2016. The '475 application is a continuation of U.S. Application No. 14/145,271, which claims priority to U.S. Provisional Application No. 61/748,306, filed January 2, 2013. A true and correct copy of the '836 patent is attached hereto as Exhibit A and incorporated herein by reference.

### Plaintiff's U.S. Patent No. 10,028,349

10. Plaintiff is the assignee of all right, title and interest in United States Patent No. 10,028,349, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '349 patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '349 patent by Defendant.

11. The '349 patent, which issued on July 17, 2018, is entitled, "Light Emitting Diode Light Structures." The '349 patent issued from U.S. Application No. 15/795,965, which was filed on October 27, 2017. The '965 application is a continuation of U.S. Application No. 15/264,475, which is a continuation of U.S. Application No. 14/145,271, which claims priority to U.S. Provisional Application No. 61/748,306, filed January 2, 2013. A true and correct copy of the '349 patent is attached hereto as Exhibit B and incorporated herein by reference.

### COUNT ONE: INFRINGEMENT OF THE '836 PATENT

12. Plaintiff realleges and incorporates herein the preceding allegations of this

Complaint as if fully set forth herein.

13. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '836 patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the chart incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claim of the '836 patent (the "Exemplary '836 Patent Claim") identified in the chart incorporated into this Count as Exhibit C literally or by the doctrine of equivalents.

14. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '836 Patent Claim, by having its employees internally test and use these Exemplary Products.

15. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

16. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '836 patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '836 patent. *See* Exhibit C.

17. **Induced Infringement**. At least since being served with this Complaint and corresponding claim chart regarding the '836 patent, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '836 patent, literally or by the doctrine of

equivalents, by selling Exemplary Defendant Products to its customers for use in end-user products and distributing product literature and website materials inducing end users and others to use their products in a manner that infringes one or more claims of the '836 patent.

18. Exhibit C includes a chart comparing the Exemplary '836 Patent Claim to the Exemplary Defendant Products. As set forth in this chart, the Exemplary Defendant Products practice the technology claimed by the '836 patent. Accordingly, the Exemplary Defendant Products incorporated in this chart satisfy all elements of the Exemplary '836 Patent Claim.

19. Plaintiff therefore incorporates by reference into its allegations herein the claim chart of Exhibit C.

20. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT TWO: INFRINGEMENT OF THE '349 PATENT

21. Plaintiff incorporates the above paragraphs herein by reference.

22. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '349 patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the chart incorporated into this Count (among the "Exemplary Defendant Products") that infringe at least the exemplary claim of the '349 patent (the "Exemplary '349 Patent Claim") identified in the chart incorporated into this Count literally or by the doctrine of equivalents.

23. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '349 Patent Claim, by having its employees internally test and use these Exemplary Products.

24. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

25. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '349 patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '349 patent. *See* Exhibit D.

26. **Induced Infringement**. At least since being served with this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '349 patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to its customers for use in end-user products and distributing product literature and website materials inducing end users and others to use their products in a manner that infringes one or more claims of the '349 patent.

27. Exhibit D includes a chart comparing the Exemplary '349 Patent Claim to the Exemplary Defendant Products. As set forth in this chart, the Exemplary Defendant Products practice the technology claimed by the '349 patent. Accordingly, the Exemplary Defendant Products incorporated in this chart satisfy all elements of the Exemplary '349 Patent Claim.

28. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit D.

29. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

    a.    Declaring that Defendant has infringed the '836 patent and the '349 patent;

    b.    That Defendant be ordered to pay damages adequate to compensate Plaintiff for its infringement of the '836 patent and the '349 patent pursuant to 35 U.S.C. § 284;

    c.    That Defendant be ordered to pay prejudgment interest pursuant to 35 U.S.C. § 284;

    d.    That Defendant be ordered to pay all costs associated with this action pursuant to 35 U.S.C. § 284;

    f.    That Defendant be ordered to pay Plaintiff's attorneys' fees pursuant to 35 U.S.C. § 285; and

    g.    That Plaintiff be granted such other and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues so triable.

THIS 1st day of March, 2023.

                                      Respectfully submitted,

                                      */s/ Cortney S. Alexander*
                                      Cortney S. Alexander
                                      Telephone: 404-855-3867
                                      Email: cortneyalexander@kentrisley.com

                                      Kent & Risley LLC
                                      5755 North Point Parkway
                                      Suite 57

         Alpharetta, Georgia 30022

         Attorneys for Plaintiff